**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

RICHARD HICKS AND JOCELYN HICKS,

   Plaintiffs,

  v.

GREGORY MIDDLETON, et al.,

   Defendants.

CIVIL ACTION NO.: 4:21-cv-3

## O R D E R

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's February 15, 2022, Report and Recommendation, (doc. 76), to which Plaintiffs Richard Hicks and Jocelyn Hicks have filed objections, (doc. 80).   As explained more fully below, the Court agrees with the Magistrate Judge's analysis.   Accordingly, the Court **ADOPTS** the Report and Recommendation, as modified by the Court's consideration of plaintiffs' Objection explained below.   See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").   Accordingly, plaintiffs' Amended Motion for Leave to File an Amended Complaint is **DENIED**.   (Doc. 37.)

As there is no objection to the Magistrate Judge's summary of the factual background of this case, the Court incorporates that recitation here.   (See doc. 76 at 2-4.)   For purposes of the discussion below, it suffices to note that this case concerns claims arising from injuries allegedly suffered by plaintiff Richard Hicks when he was struck, as a pedestrian, by a truck driven by defendant Gregory Middleton, allegedly in the course of Middleton's employment with defendant Marine Terminals Corporation – East, d/b/a Ports America ("Ports America").   (Id. at 2.)   The

case was removed to this Court.   (Id.)   Plaintiffs' instant motion seeks to join the Georgia Ports Authority ("GPA") as a party defendant, alleging that it allowed defendant Middleton to drive onto its facility while intoxicated.   (Id. at 3.)   The proximate motivation for plaintiffs' motion to amend was their discovery of video evidence that they contend "showed 'Middleton was *noticeably* intoxicated … *before* the time he entered the Georgia Ports Authority … manned gates,' and that the evidence supports a contention that an odor of burnt marijuana was noticeably emanating from his vehicle at the time he passed through the gates." (Doc. 76 at 3-4 (citation omitted).)   Defendant Ports America opposed the motion.   (Id. at 4.)

There is no objection to the Magistrate Judge's recitation of the legal standard applicable to plaintiffs' motion.   (See doc. 76 at 4-5; see also doc. 80 at 5.)   As the Magistrate Judge summarized the legal standard:

> The Eleventh Circuit has explained that:
>
>> In most cases the Federal Rules of Civil Procedure liberally allow a plaintiff to join a new defendant.   Rule 15(a) of the Federal Rules of Civil Procedure provides that courts 'should freely give leave' to amend 'when justice so requires,' and Rule 20 permits joinder of proper parties.   [Cit.]   But a district court must scrutinize more closely an amended pleading that would name a new nondiverse defendant in a removed case because justice requires that the district court also balance the defendant's interests in maintaining the federal forum.
>
> Dever v. Family Dollar Stores of Georgia, LLC, 755 F. App'x 866, 869 (11th Cir. 2018).   The Court of Appeals identified four factors bearing on whether amendment should be permitted: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether the plaintiff has been dilatory in asking for amendment, [3] whether the plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities."   Id. (quotation marks, alterations, and

citation omitted).   "In general, a district court has broad discretion in weighing the factors to decide whether to permit or deny an amendment."   Id.

(Doc. 76 at 4-5).   As the Court's review is de novo, the analysis below considers each of the four factors, incorporating the Magistrate Judge's analysis where appropriate.

The first factor requires the Court to consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction . . . ."   Dever, 755 F. App'x at 869 (emphasis added). The Magistrate Judge recognized that plaintiffs concede that defeating federal jurisdiction represents a substantial, if not exclusive, motive for their amendment.   (Doc. 76 at 5-6.) Although plaintiffs' Objection does not expressly agree with the Magistrate Judge's analysis of the first factor, it also does not expressly disagree.   (See doc. 80 at 8 ("The Plaintiffs recognize that the first factor is split . . .".)   While the Court accepts plaintiffs' assertion that "there are legitimate, practical considerations—including reasons entirely distinct from jurisdictional questions—which motivate and justify the effort to join GPA in this case . . . .," (doc. 80 at 6), the existence of those reasons does not detract from the Magistrate Judge's conclusion "that the [fact that] the proposed amendment is motivated, at least in part, by a desire to defeat diversity weighs against permitting the amendment."   (Doc. 76 at 6.)   The Court agrees that a substantial, albeit partial, motive to defeat diversity weighs against permitting amendment.

Plaintiffs' objections are focused on the Magistrate Judge's analysis of the fourth factor, which broadly requires consideration of "any other factors bearing on the equities."   Dever, 755 F. App'x at 869.   The Magistrate Judge recognized that the fourth factor "requires the Court to consider the defendant's interest in maintaining the federal forum."   (Doc. 76 at 9.)   The Court concurs with the Magistrate Judge's determination that "Ports America's interest in maintaining its choice of a federal forum clearly militates against permitting the amendment."   (Id. at 11); see also Butler as Next Friend of K.W. v. S. Apartment Partners, LP, 2020 WL 7356606 at *4 (S.D.

Ga. Dec. 15, 2020) ("Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." (internal quotation marks and citation omitted)).   Balanced against Ports America's interest, Plaintiffs' Objection correctly points out that the disfavor of parallel proceedings weighs in favor of permitting the amendment.[1]   (See doc. 80 at 6); see also, e.g., Wang v. Am. Equity Inv. Life Ins. Co., 2021 WL 100747, at *3 (N.D. Ga. Jan. 12, 2021) (recognizing that in analyzing the fourth factor "some courts weigh the diverse defendant's right to choose between a state or federal forum when diversity of citizenship does exist against the injury to plaintiff of having to litigate in two forums.").   But that weight in plaintiffs' favor does not tip the scales.

The Magistrate Judge's analysis of fourth factor noted that, despite the common core of facts at issue in the plaintiffs' claims, the issues are distinct.   (See doc. 76 at 11.)   Plaintiffs' claims against Middleton directly are straightforward tort claims.   (See doc. 1-1 at 6-10.)   Their claims against Ports America area derivative of those claims, based on a theory of *respondeat superior*.   (Id. at 8.)   Plaintiffs' proposed claims against GPA, however, do not depend upon Middleton's negligence or whether he was acting within the scope of his employment.   (See generally doc. 37-1.)   The proposed claims against GPA depend upon whether GPA, through its gate attendee, breached a duty by permitting Middleton through its gate.   (See id. at 6-8.)   Those claims, as the Magistrate Judge recognized, and plaintiffs' do not dispute, "would require

---

[1]   Plaintiffs interpret the Report and Recommendation as "appear[ing] to dismiss the legitimate concern of having common questions of fact decided separately—in different forums, by different juries—if the motion is not granted."   (Doc. 80 at 6.)   In the portion of the Report and Recommendation cited, the Magistrate Judge merely noted that factual commonality is a necessary precondition of joinder.   (See doc. 76 at 10 n. 3.)   The Court agrees that the Magistrate Judge's statement that such facts are "irrelevant" is an overstatement.   The Report and Recommendation's consideration of the fourth factor, however, explicitly considers that "there is a common set of facts underlying plaintiffs' claims against Middleton, and Ports America vicariously, and their potential claims against GPA …."   (Doc. 76 at 11.)   To the extent that there was any ambiguity in the Magistrate Judge's consideration of the fourth factor, the Court's analysis here renders it harmless.

considerable additional discovery." (Doc. 76 at 11-12.)  The Magistrate Judge recommended that the burden on Middleton and GPA of participating in that additional discovery "be considered in light of the fact that Plaintiffs have an available forum to litigate their claims against GPA, regardless of whether amendment is permitted here." (Id. at 12.)  The Magistrate Judge also expressly noted that the parties' arguments concerning the futility of the proposed amendment, "auger that substantial motions practice is likely if amendment is allowed." (Id. at 11.)  He concluded that those facts implied that the undisputed efficiency gained by resolving all of the claims in a single action were significantly mitigated.  (Id. at 12.)

Balancing all of the relevant equities, the Court agrees with the Magistrate Judge's conclusion that the fourth factor weighs against permitting the amendment.  On the one hand, Ports America's interest in maintaining a federal forum is significant and undisputed.  On the other hand, plaintiffs' interest in resolving their claims in a single action is mitigated by the fact that the claims against the various defendants are not identical, and that the burden of the additional discovery and the potential disruption to these proceedings to accommodate motions practice on those claims mitigate any efficiency gained.[2]   Based on an de novo analysis of the "factors bearing on the equities," the Court concludes that they weigh against permitting plaintiffs' amendment.

Plaintiffs' do not object to the Magistrate Judge's analysis of the second and third factors. (See doc. 80 at 4.)  The second factor required the Magistrate Judge to determine whether plaintiffs were dilatory in seeking to amend.  (See doc. 76 at 6-8.)  The Magistrate Judge concluded that plaintiffs were not dilatory.  (Id. at 8.)  The Court agrees with the Magistrate

---

[2]  Plaintiffs' also object to the Magistrate Judge's reference to Ports America's recently filed Motion for Summary Judgment in a footnote.  (See doc. 80 at 6-7 (citing doc. 76 at 12 n. 5)).  The Court disagrees with Plaintiffs' interpretation of the footnote's significance.   Since the Court finds that the equities balance against permitting the amendment, without any weight afforded to the fact of Ports America's Motion, any improper significance accorded to that Motion by the Magistrate Judge is moot.

Judge's conclusion.   The third factor required the Magistrate Judge to determine whether plaintiffs would suffer a significant injury if amendment were not permitted.   (See id. at 8-9.) The Court agrees with the Magistrate Judge's conclusion that, balancing the burden of maintaining two actions against the fact that plaintiffs have an available forum to pursue their claims, "the third factor weighs, albeit weakly, in favor of permitting the amendment."   (Id. at 9.)

In summary, the Court finds that the first factor and fourth factor weigh against permitting the amendment, while the second factor and the fourth factor weigh weakly in favor of it.   The Court, thus, agrees with the Magistrate Judge's summation that, "[t]he application of the *Dever* factors to the facts of this case does not result in an overwhelming determination."   (Doc.76 at 12.) It also agrees that an overall weighing of the factors balance against permitting the amendment. (Id. at 13.)   The Court, therefore, **ADOPTS** the Report and Recommendation, as modified above. (Doc. 76.)   Accordingly, Plaintiffs' Motion for Leave to File an Amended Complaint is **DENIED**. (Doc. 37.)

SO ORDERED, this 9th day of March, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA