IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RICHARD HICKS; and JOCELYN HICKS,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>GREGORY MIDDLETON; JOHN DOE 1; and MARINE TERMINALS CORPORATION – EAST d/b/a PORTS AMERICA,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 4:21-cv-003 |

**O R D E R**

In a September 26, 2022, Order, the Court granted Defendant Marine Terminals Corporation – East's Motion for Summary Judgment as to all claims asserted by Plaintiff against it. (Doc. 95.) Presently before the Court is Defendant Marine Terminals Corporation – East's Motion for Entry of Final Judgment. (Doc. 96.) Therein, Marine Terminals Corporation – East (hereinafter "Ports America"), citing Federal Rule of Civil Procedure 54(b), asks the Court to enter final judgment as to Plaintiff's claims against it. (Id.)

Rule 54(b) "provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997). Specifically, Rule 54(b) permits a district court to certify "final judgment as to one or more, but fewer than all, claims or parties," but "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Otherwise, partial adjudication of a case does not conclude the case, and the partial adjudication is generally not appealable. Id.; Lloyd Noland Found., Inc. v. Tenet Health Care

Corp., 483 F.3d 773, 777 (11th Cir. 2007). Here, Plaintiff's claims against Defendant Gregory Middleton remain viable; thus, the Court's dismissal of Ports America as a party did not "conclude" the case in its entirety.

The Eleventh Circuit Court of Appeals has made clear that while the decision to certify a judgment is within the "sound judicial discretion of the district court," certification of a partial judgment is only appropriate in "unusual cases" and district courts are "counseled . . . to exercise the limited discretion afforded by Rule 54(b) conservatively." Ebrahimi, 114 F.3d at 165–66 (quotations and alterations omitted). In deciding whether to certify a partial final judgment, "[a] district court must follow a two-step analysis." Lloyd Noland Found., 483 F.3d at 777.

"First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.'" Id. (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)). Here, it is undisputed that the Court granted summary judgment to Defendant as to all claims asserted by Plaintiffs against Defendant Ports America, and Defendant Ports America seeks Rule 54(b) certification on this basis. (Doc. 95; see also doc. 96; doc. 102.) Because it disposed of all of the claims against Ports America and terminated Ports America as a party, the Court's September 26, 2022, Order was unquestionably "final in the sense that it [was] an ultimate disposition of [ ] individual claim[s] entered in the course of a multiple claims action and a judgment in the sense that it [was] a decision upon [ ] cognizable claim[s] for relief." Lloyd Noland Found., 483 F.3d at 777 (citations and internal quotation marks omitted). Therefore, the Court finds that the first step of the two-step Rule 54(b) analysis is satisfied.

The "court must [next] determine that there is 'no just reason for delay' in certifying [the judgment] as final and immediately appealable." Id. (quoting Curtiss-Wright Corp., 446 U.S. at 8). This inquiry "requires the district court to balance judicial administrative interests and relevant

2

equitable concerns." Ebrahimi, 114 F.3d at 165–66. "Consideration of the former factor," judicial administrative interests, "is necessary to ensure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)). The latter factor, equitable concerns, serves to limit certification to "instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." Id. at 166 (citation omitted). As noted above, the Eleventh Circuit has stressed that Rule 54(b) certifications are to be used only in the "unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Id. at 166 (emphasis added) (citations omitted).

In its Motion, Ports America contends that both factors weigh in favor of certification. First, Ports America argues, judicial administrative interests militate in favor of entering final judgment for Ports America because summary judgment was entered on the basis of defenses that the remaining Defendant (Gregory Middleton) cannot assert (that is to say, Plaintiff's vicarious liability theory of recovery against Ports America failed because Defendant Middleton was not acting within the course and scope of his employment, which is not a defense available to Defendant Middleton). (Doc. 96-1, pp. 4–5.) As to the second factor, Ports America urges that equity favors certifying a final judgment because it will allow Plaintiffs "to decide whether to appeal the ruling with respect to Ports America now instead of waiting until the outcome of their trial against the remaining defendant," and "[i]t would be inequitable to require Ports America to wait for the trial of [P]laintiffs' claims against the individual [D]efendant," as such waiting would "cause unnecessary burden, expense and uncertainty for Ports America." (Id.)

Plaintiffs have filed a Response indicating that they intend to appeal the Order granting Ports America's Motion for Summary Judgment, and that they "do not oppose the relief requested under Fed. R. Civ. P. 54(b) and join in the request so that the anticipated appeal [can] be brought." (Doc. 102.) Additionally, while Defendant Middleton has not indicated whether he consents to or opposes the entry of a final judgment, Plaintiffs and Defendant Middleton have filed a Joint Motion for Stay, or in the Alternative, for Extension of Time to File Report and Proposed Standing Order, explaining that:

> Rather than pressing forward with only Middleton as a Defendant before reaching the substantive appeal when a Rule 54(b) motion is pending, the parties submit it would be efficient and appropriate to stay or extend the trial preparation activities until that matter is decided. This would avoid potential duplication and unnecessary time and expense.

(Doc. 101, pp. 1–2.) Accordingly, Plaintiffs and Defendant Middleton jointly seek a stay or, at the least, an extension of their obligation to file trial preparation documents required by the Court. (Id.)

The parties have shown a sufficiently pressing need for an early and separate judgment as to the claims against Ports America. Plaintiffs have explicitly stated that they intend to appeal the Court's dismissal of Ports America, as they contend that, in the event a jury finds that Defendant Middleton was negligent, the jury should also decide whether to hold Ports America vicariously liable under *respondeat superior*. The Court finds that, in this case, there is no just reason for delay and **GRANTS** the Motion for Entry of Final Judgment, (doc. 96). The Court **DIRECTS** the Clerk of Court to **ENTER** final judgment as to Defendant Marine Terminals – East. The Court also **GRANTS** the Joint Motion for Stay or in the Alternative, for Extension of Time to File Report and Proposed Standing Order, (doc. 101), and therefore **STAYS** the case.[1] The parties are

---

[1] Accordingly, the Trial Preparation Scheduling Conference scheduled for November 30, 2022, will be rescheduled upon the lifting of the stay.

**ORDERED** to file a joint status report, within **SIXTY (60) DAYS** of the date this Order is issued and **EVERY THIRTY (30) DAYS THEREAFTER**, apprising the Court of the status of any appeal filed by Plaintiffs.

**SO ORDERED**, this 28th day of November, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA